STONE & DOWNER CO. (SIGNODE STEEL STRAPPING CO.) *v.* UNITED STATES (No. 3642)[1]

United States Court of Customs and Patent Appeals, October 30, 1933

*James R. Ryan* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument October 5, 1933, by Mr. Ryan and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal by the importer from a judgment of the United States Customs Court overruling two protests against the classification by the Collector of Customs of certain merchandise as "bands or strips of iron or steel, * * * not specially provided for", under the concluding clause of paragraph 313 of the Tariff Act of 1922, duty being taken at the rate of 25 per centum ad valorem.

The protests claim the merchandise to be dutiable at fifty-five one-hundredths of 1 cent per pound under the first portion of said paragraph.

The entire paragraph reads as follows:

PAR. 313. Hoop, band, and scroll iron or steel, not specially provided for, valued at 3 cents per pound or less, eight inches or less in width, and thinner than three-eighths and not thinner than one hundred and nine one-thousandths of one inch, twenty-five one-hundredths of 1 cent per pound; thinner than one hundred and nine one-thousandths and not thinner than thirty-eight one-thousandths of one inch, thirty-five one-hundredths of 1 cent per pound; thinner than thirty-eight one-thousandths of one inch, fifty-five one-hundredths of 1

---

[1] T.D. 46729.

cent per pound: *Provided,* That barrel hoops of iron or steel, and hoop or band iron, or hoop or band steel, flared, splayed, or punched, with or without buckles or fastenings, shall pay no more duty than that imposed on the hoop or band iron or steel from which they are made; bands and strips of iron or steel, whether in long or short lengths, not specially provided for, 25 per centum ad valorem.

It is observed that no claim is made in the protest that the proviso of the paragraph has any application to the involved merchandise, and, as we view the issue, it is, broadly, whether in the state imported the merchandise was material from which bands or strips were made, or whether the articles had been so advanced in manufacture as to have themselves become bands or strips in the sense of the paragraph.

It is obvious that the words "Hoop", "band", and "scroll", with which paragraph 313 begins, are there used as adjectives to describe the particular iron or steel provided for in that portion of the paragraph, while "bands and strips" in the concluding clause of the paragraph are nouns, designating the articles of iron or steel which are there provided for.

In its opinion the court below does not review the testimony introduced, but states simply:

Upon the testimony and exhibits, we find that the merchandise in question consists of strips of steel which are manufactured from hot rolled hoop steel and ordinarily shipped from the factory in coils and were therefore properly classified by the collector as "bands or strips of iron or steel, whether in long or short lengths, not specially provided for", and as such dutiable at 25 per centum ad valorem, as classified by the collector. All claims of plaintiff are therefore overruled, and judgment will be rendered accordingly.

We have made a careful study of all the oral evidence and have examined the exhibits, with the result that our conclusion upon the facts coincides in all respects with that of the Customs Court.

The sample which, a witness for appellant testified, correctly represents the mechandise was measured by him and found to be a band or strip twenty one-thousandths inch in thickness and five-eighths inch in width. It is of steel.

The merchandise was imported "in coils of indefinite length", but the concluding clause of the paragraph, *supra,* expressly states "whether in long or short lengths." It is not necessary, therefore, that the bands or strips be cut to any particular length or lengths in order to become articles such as are provided for in said concluding clause, but the question is to be determined by the state, in other respects, of the merchandise as imported.

We think it is made perfectly clear by the testimony, fairly construed, that the articles as imported had been advanced from the stage of hoop or strip steel to the stage of bands or strips of steel; that hot hoop or band steel had been passed through a pickling operation to remove the scale, then through a cold rolling operation, then through a heat treatment, and then through a coloring

process which brought the merchandise to the condition in which it was imported.

In our opinion there is no error in the decision of the United States Customs Court, and its judgment is *affirmed*.